IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

IN THE MATTER OF THE COMPLAINT
OF VULCAN CONSTRUCTION                CIVIL NO. 2:18cv668
MATERIALS, LLC, AS OWNER OF THE
TUG JEANIE CLAY,

## OPINION AND ORDER

This matter comes before the Court on Claimant and Defendant-in-Limitation Robert W. Dervishian, Jr.'s Motion to Dismiss Complaint in Admiralty Due to Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), ECF No. 17. In such motion, Robert W. Dervishian ("Dervishian" or "Defendant-in-Limitation") requests dismissal of the Complaint in Admiralty ("Limitation of Liability Claim") filed by Vulcan Construction Materials, LLC ("Vulcan" or "Plaintiff-in-Limitation"). ECF No. 17, 1. For the reasons set forth below, the Court **DENIES** Dervishian's motion. ECF No. 17.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

According to Dervishian, "[o]n February 22, 2018, Dervishian was injured while working as an Operations Manager for his employer, T. Parker Host." ECF No. 18 at 2. Dervishian was "assisting with the mooring of barges at the terminal located at Shirley Plantation in Charles City, Virginia." Id. Dervishian was neither a seaman nor an employee of Vulcan. Dervishian claims that "Captain Kim Todd ("Captain Todd"), an employee of Vulcan . . . was operating a tugboat owned by Vulcan known as the Jeanie Clay." Id. According to Dervishian's Complaint, much of which is denied by Vulcan, "[t]here were four barges to be moored at Shirley Plantation that day, identified . . . by numbers NF-107, M-3102, JS-111, and VM-202." ECF No. 18-2 at ¶ 10. "The

1

VM-202 was moored parallel and adjacent to the bulkhead, and the JS-111 was to be moored to the VM-202 on the starboard side of the VM-202." Id. at ¶ 12. Dervishian alleges that after Captain Todd "push[ed] the two outside barges (the M-3012 and the JS-111) north toward the bulkead" via the Jeanie Clay, he "caused the Jeanie Clay to impact the JS-111 a second time, which caused the port side of the JS-111 to collide with the starboard side of the VM-202." Id. at ¶ 18. As a result, Dervishian alleges, "the VM-202 shifted, which caused Plaintiff to lose his balance and fall approximately 7'10" from the deck of the VM-202 to the deck of the JS-111." Id. Dervishian alleges that he s"suffered multiple, severe injuries, including left leg fractures requiring amputation of his left leg." Id. at ¶ 19. Vulcan denies the majority of these allegations. ECF No. 18-3 at ¶¶ 10–18.

Counsel for Dervishian represented that between February and April 2018, Dervishian's leg was amputated. Subsequently, on April 19, 2018, a written note was hand-delivered to Vulcan's Registered Agent. ECF Nos. 18 at 2; 18-1. Vulcan does not dispute that it received such hand-delivered note. See ECF No. 24 at 4 (admitting that "counsel for Dervishian served Vulcan with a cryptic and vague notice of representation letter on Vulcan."); see also ECF No. 18-1, Ex. C at ¶ 20 ("Vulcan admits its registered agent received a letter on April 19, 2018.").

On October 23, 2018, just over six months after delivering such note, Dervishian filed a Complaint in the Circuit Court for the City of Norfolk asserting a personal injury cause of action against Vulcan and Captain Todd, seeking $45,000,000.00. ECF No. 18-2. Vulcan filed an Answer to the Complaint on November 29, 2018. ECF No. 18-3.

On December 17, 2018, Vulcan filed its Complaint in Admiralty, "seeking exoneration from or limitation of liability to the value of the JEANIE CLAY, or $375,000." ECF No. 24 at 5. On January 22, 2019, Dervishian filed its Answer and Claim, setting forth affirmative defenses

2

and its claim against Vulcan. ECF No. 22. On the same day, Dervishian filed the instant Motion to Dismiss and supporting memorandum. ECF Nos. 17, 18. Vulcan filed its Memorandum in Opposition to Motion to Dismiss Limitation Petition on February 5, 2019. ECF No. 24. Dervishian filed its Reply Brief on February 11, 2019. ECF No. 26.

## II. OVERVIEW AND APPLICABLE PRINCIPLES OF LAW

The Court's analysis here hinges on whether the April 18, 2018 note was sufficient to constitute notice of a claim under 46 U.S.C. § 30511(a), which states:

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. **The action must be brought within 6 months after a claimant gives the owner written notice of a claim.**

46 U.S.C. § 30511(a) (emphasis added).

Dervishian argues that the Complaint in Admiralty should be dismissed due to Vulcan's failure "to file the instant action within six months of its receipt of Dervishian's written Notice of Claim as required by 46 U.S.C. § 30511(a). . . ." ECF No. 17 at 1. In response, Vulcan argues that the April 19, 2018 note from Dervishian was insufficient to satisfy the notice requirement and that Dervishian's "state court complaint is what actually put Vulcan on notice of a limitable claim under the Limitation Act." ECF No. 24 at 1.

The purpose of the Limitation of Liability Act is "to protect and encourage maritime commerce[.]" Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co., 107 F.2d 373, 376 (4th Cir. 1939). In order to avail himself of such limitation, however, "the vessel owner must file his petition within six months from the day he receives appropriate notice." In re Complaint of Big Deal, Inc., 765 F. Supp. 277, 278 (D. Md. 1991), aff'd, 958 F.2d 367 (4th Cir. 1992) (per curiam). The purpose of this six-month requirement was to "curb the . . . dilatory practice of a vessel owner's waiting 'until after the question of liability ha[s] been litigated and

3

determined against the shipowner' to institute a limitation action." Int'l Ship Repair & Marine Servs. v. Estate of Morales-Montalvo, No. 8:08-cv-1617-T-23AEP, 2010 WL 181575, at *3 (M.D. Fla. Jan. 12, 2010) (quoting Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1090 (11th Cir. 2006)).

The statute does not elaborate on what constitutes appropriate notice, although "[i]t is well-settled that a letter sent by a claimant (or claimant's attorney) to a vessel owner may constitute notice of a claim, and such notice may be sufficient to trigger the six month statute of limitations." Norfolk Dredging Co. v. Wiley, 357 F. Supp. 2d 944, 947–949 (E.D. Va. 2005) (citing Standard Wholesale, 107 F.2d 373)). However, "[b]ecause the statute requires vessel owners to post security" or transfer their interest in the vessel to a trustee "at the time of filing a limitation of liability action, courts have traditionally been hesitant to require that such an action be filed in response to a vague letter which fails to specifically threaten suit or give some approximation as to the extent of the owner's liability." Norfolk Dredging, 357 F. Supp. 2d at 948; see also In re Complaint of Okeanos Ocean Research Foundation, Inc., 704 F. Supp. 412, 416–17 (S.D.N.Y. 1989) ("[i]t is not reasonable to require an owner to take this action when claimant sends an ambiguous letter"); In re Petition of Allen N Spooner & Sons, Inc., 253 F.2d 584, 586–87 (2d Cir. 1957) (Hand, J., concurring) (requiring owner to post security or surrender ship when claimant's position is "equivocal" seems unreasonable). As such, "a claimant must make his intentions clear in order to trigger the six month statute of limitations." Okeanos, 704 F. Supp. at 416–17.

There are two key tests courts have employed to determine the sufficiency of a letter. Under the first test, sufficiency is determined by the following factors: "whether the letter (1) informs the vessel owner of claimant's 'demand of a right or supposed right,' (2) blames the vessel owner for 'any damage or loss,' or (3) calls upon the vessel owner for something due claimant." Norfolk Dredging Co., 357 F. Supp. 2d at 947–48 (quoting In re Loyd W. Richardson Constr. Co.,

850 F. Supp. 555, 557)). Under the second test, courts "place[ ] heavy emphasis on whether the letter" indicates "a reasonable possibility that the claim[ ]" may "exceed the value of the ship." Norfolk Dredging, 357 F. Supp. 2d at 948; see also In re Salty Sons Sports Fishing, Inc., 191 F. Supp. 2d 631, 637 (D. Md. 2002) (finding that "knowledge that a prospective claimant has engaged counsel and is investigating medical expenses incurred does not amount to quantification of the claim" because the notice did not inform "that the damages claimed might be expected to exceed the value of the vessel.").

Most courts have utilized a variation of the above tests in conducting a holistic, fact-intensive approach to determining whether a letter is sufficient. See Norfolk Dredging, 357 F. Supp. 2d at 948 (applying the "holistic approach adopted by most courts considering this issue"); see also Doxsee Sea Clam Co. v. Brown, 13 F.3d 550, 554 (2d Cir. 1994) (noting that the Court has "employed a broad and flexible standard of review – reading letters of notice in their entirety and considering their whole tenor – when determining if sufficient notice was given"); Spooner & Sons, 253 F.2d at 586 (looking to "the whole tenor of the letter" to determine whether it constituted sufficient notice of claim). These courts have held that "[a] writing may constitute sufficient notice of claim even if it is couched only in tentative terms, but in such a case the letter must be read in its entirety to determine whether it is too ambiguous or non-adversarial to constitute notice." Norfolk Dredging, 357 F. Supp. 2d at 948 (citing Spooner & Sons, 253 F.2d at 586–87)).

III. DISCUSSION

A. CONTENT OF NOTE AT ISSUE

On April 19, 2018, a courier hand-delivered the note to the corporate office of Vulcan's registered agent. ECF No. 18-4. The note consisted of an 8.5 x 11 sheet of paper with no written material other than the following:

April 19, 2018

## NOTICE OF CLAIM

To: Corporation Service Company
Registered Agent for Vulcan Construction Materials, LLC
100 Shockoe Slip
Richmond, Virginia 23219

    Please be advised that we represent Robert Dervishian, Jr., in connection with serious personal injuries he sustained on February 22, 2018 at the Shirley Plantation Dock due to the alleged negligence of the employee of Vulcan Construction Materials, L.L.C., Kim Todd, while Mr. Todd was operating the Jeanie Clay tugboat. A claim may be filed.

Jeffrey N. Stedman, Esq.<br>
VSB No.: 84496<br>
7130 Glen Forest Drive<br>
Suite 400<br>
Richmond, VA 23226

ECF No. 18 at 2–3; ECF No. 18-1.

    The remainder of the page is filled with blank space. The note is not signed by Dervishian. The note does not contain any letterhead. Although it states that "we represent . . . Dervishian," there is no indication as to who "we" is. ECF No. 18-1. No law firm is identified, nor do the words "attorney" or "lawyer" appear on the note. Other than listing a "VSB No." and including the suffix "Esq." after his name, there is no clear indication that Mr. Stedman is a lawyer. ECF No. 18-1. Further, there is no "re:" line referencing Dervishian, Vulcan, or any potential claim. Finally, no contact information is provided, other than Mr. Stedman's address.

## B. IS THE NOTE AT ISSUE IS SUFFICIENT?

Applying a holistic, fact-intensive approach, the Court must determine whether this note was sufficient to put Vulcan on notice of Dervishian's claim. As the Seventh Circuit noted, "[t]he real danger in failing to hold claimants to a fairly high level of specificity in letters is that the claimant may nullify a shipowner's right to file a limitation action by sending a cryptic letter and then waiting more than six months to file a complaint." In re Complaint of McCarthy Bros. Co., 83 F.3d 821, 829-30 (7th Cir. 1996). This is precisely the danger the Court seeks to prevent here.

### i. STYLE AND APPEARANCE OF THE NOTE

As would any recipient, the Court begins by analyzing the style and appearance of the note. In doing so, the Court does not impose rigid, universal guidelines regarding such elements of a notice of claim. Nevertheless, the Court finds that consideration of the style and appearance of the note are necessary components to analyzing the note in its entirety and determining the tenor of the note as a whole.

The style of the note here provides little indication of a potential legal claim or the nature of such claim. The note does not contain letterhead indicating that it was sent from a law firm (or any legitimate enterprise, for that matter). While the words "notice of claim" appear at the center, near the top of the page, such heading does not provide sufficient context to warn of the nature of a legal claim. ECF No. 18-1, Ex. A. Similarly, the lack of a "re:" line referencing Dervishian, Vulcan, or any potential claim adds to the vagueness of the letter. See Doxsee, 13 F.3d at 554 (letter constituting sufficient notice contained "re:" line which "was styled in the manner of an actual, present controversy"); Spooner & Sons, 253 F.2d at 585–86 (letter constituting sufficient notice contained "re:" line referencing contract under which insured property was damaged). Further, although the note states that "we represent . . . Dervishian[ ]," there is no indication as to

who "we" is, leaving the recipient to guess who was, in fact, representing Dervishian. No law firm is identified, nor do the words "attorney" or "lawyer" appear on the note. Other than listing a "VSB No." and including the suffix "Esq." after his name, there is no indication that Mr. Stedman is a lawyer, nor is there any identification of the firm with which he practices. ECF No. 18-1. Moreover, Dervishian himself did not sign the note. Finally, no contact information is provided other than Mr. Stedman's address.

For these reasons, the Court finds that the style and appearance of the note set a tone of ambiguity and vagueness, failing to provide sufficient context that would put a recipient on notice of a potential claim.

### ii. SUBSTANCE OF THE NOTE

Second, the Court considers the substance of the note. Critically, the note here was couched in tentative terms: "A claim *may* be filed." ECF No. 18-1, Ex. A (emphasis added). As such, the note "must be read in its entirety to determine whether it is too ambiguous or non-adversarial to constitute notice." Norfolk Dredging, 357 F. Supp. 2d at 948.

The remainder of the note states as follows:

> Please be advised that we represent Robert Dervishian, Jr., in connection with serious personal injuries he sustained on February 22, 2018 at the Shirley Plantation Dock due to the alleged negligence of the employee of Vulcan Construction Materials, L.L.C., Kim Todd, while Mr. Todd was operating the Jeanie Clay tugboat. A claim may be filed.

ECF No. 18-1, Ex. A.

The Court finds that the note does blame Vulcan by referencing the "negligence of the employee of Vulcan . . . while" such employee "was operating the Jeanie Clay tugboat[,]" a tugboat owned by Vulcan. Id. However, the note does not "call[ ] upon the vessel owner for something due claimant" or "inform[ ] the vessel owner of claimant's demand of a right[.]" Norfolk

8

Dredging, 357 F. Supp. 2d at 947–48 (internal quotations omitted) (citing Richardson, 850 F. Supp. at 557)). While the note states that "a claim may be filed," it does not specify against whom such claim may be filed. ECF No. 18-1, Ex. A. Further, the note "does not recommend that [Vulcan] contact its insurer" or "refer the matter to his 'legal representative,'" nor does it "reference depositions or settlement negotiations." Norfolk Dredging, 357 F. Supp. 2d at 947–48; Richardson, 850 F. Supp. at 557. Simply put, Dervishian did not "make his intentions clear in order to trigger the six month statute of limitations[,]" but instead, required Vulcan "to infer that someone may bring a claim" against it. Okeanos, 704 F. Supp. at 417.

Most importantly, the note here fails to "quantify the claim in any manner." Norfolk Dredging, 357 F. Supp. 2d at 948. Courts have consistently found that a sufficient notice of claim must provide some indication of the amount at issue. Id.; see also In re Complaint of Morania Barge No. 190, Inc., 690 F.2d 32, 34 (2d Cir. 1982) (noting that "[a] rule requiring a shipowner to seek limitation of liability regardless of the amount claimed might encourage claimants to understate the amount of their damage in the hope that the shipowner would be misled into not filing a timely petition for limitation"); Okeanos, 704 F. Supp. at 416–17 (finding letter insufficient where it failed to "mention . . . the types of injuries sustained or the severity of the injuries"). As the Eleventh Circuit recently reiterated, "requiring a shipowner to initiate limitation proceedings regardless of the amount likely at issue, . . . would [ ] 'obligate a shipowner to go to the expense of posting security and taking the other steps necessary to commence a limitation proceeding' even when the claims indicate that doing so would be 'wholly unnecessary[.]'" Orion Marine Construction, Inc. v. Carroll, 918 F.3d 1323, 1331 (11th Cir. 2019) (quoting Morania, 690 F.2d at 34)). Several courts have required more than an indication of the amount at issue, imposing a burden on the claimant to "indicate a reasonable possibility that the claims would exceed the value

of the ship." Norfolk Dredging, 357 F. Supp. 2d at 948[1] (citing Salty Sons, 191 F. Supp. 2d at 637); see also Doxsee, 13 F.3d at 554–55.

In this case, the Court finds it unnecessary to address whether the note at issue provided indication that the claims would exceed the value of the vessel. The fact that the note provided no quantification whatsoever of a potential claim is enough to find the note insufficient, given its tentative nature. Similar to the letters in Norfolk Dredging and Okeanos, the note here did not "describe the . . . injuries in any detail." 357 F. Supp. 2d at 948; Okeanos, 704 F. Supp. 412 at 416. In Okeanos, the court found a letter insufficient where it failed to "mention . . . the types of injuries sustained or the severity of the injuries." 704 F. Supp. at 416–17. Citing to Okeanos, the court found the letter in Norfolk Dredging similarly insufficient in part, because it did not "state[ ] the nature or extent of the injuries received." Norfolk Dredging, 357 F. Supp. 2d at 948. Here, the note did not mention the type of injuries sustained or the severity of the injuries, other than stating that they were "serious." ECF No. 18-1, Ex. A. Further, there was no additional information provided to supplement the phrase "serious personal injuries." ECF No. 18-1, Ex. A.

In Big Deal, the letter stated that "[c]laim is hereby made for payment of lost wages, maintenance and cure, and damages." 1992 WL 51311, at *3. Such notice went "a great deal further toward quantifying the claim than [did] the" note here, as it provided some indication of the seriousness of the damages. See Norfolk Dredging, 357 F. Supp. 2d at 948; see also Doxsee, 13 F.3d at 554 (letter constituting sufficient notice contained "the itemization of medical bills"). Here, Dervishian has provided no description of the injuries, no indication of the permanence or

---

[1] In Norfolk Dredging, the court stated that "in an unpublished opinion, the Fourth Circuit stated in dictum that 'the statute does not impose any such burden[.]'" 357 F. Supp. 2d at 948 (quoting Big Deal, Inc. v. Pouchie, No. 91-1650, 1992 WL 51311, at *3 n.4 (4th Cir. 1992)). Nevertheless, after distinguishing the letter in Norfolk Dredging from the letter in Big Deal, the court found the letter at issue insufficient, in part, due to the fact that "it d[id] not quantify the claim in any manner; thus plaintiff could not know whether the claim would exceed the value of the vessel or not." Norfolk Dredging, 357 F. Supp. 2d at 948.

catastrophic nature of the injuries, and no supplemental information verifying the injuries. Simply put, the phrase "serious personal injuries" alone fails to give any "approximation as to the extent of the owner's liability." Norfolk Dredging, 357 F. Supp. 2d at 949.

Dervishian relies heavily on In re Geib in support of its argument that the note at issue constituted sufficient notice. No. JFM-13-2018, 2013 WL 7393042 (D. Md. Oct. 31, 2013). However, the facts here are distinguishable. While the note here is similar to that in Geib, the letter in Geib alleged "serious *and permanent* injuries." Id. at 1 (emphasis added). Here, the note merely alleges "serious personal injuries." ECF No. 18-1, Ex. A. Additionally, in Geib, the vessel was "a motor boat . . . worth no more than $5,000[.]" Geib, 2013 WL 7393042 at *1. Certainly, a claim of "serious and permanent injuries" puts a vessel owner on notice of a reasonable possibility that a claim might exceed the value of a $5,000 vessel. Geib, 2013 WL 7393042 at *1. On a larger scale, "the itemization of medical bills in excess of $110,000 clearly was sufficient to inform" the vessel owner in Doxsee "of the reasonable possibility that a substantial damages claim for personal injury in excess of $350,000 would be brought." 13 F.3d at 554.

Regardless of whether Vulcan knew that Dervishian fell based on Captain Todd's representations about the incident, the note here provided no indication of the extent of the injuries, which included the amputation of Dervishian's leg within a month of the incident. It would be unreasonable and contrary to the purpose of the statute, to find that the phrase "serious personal injuries," unaccompanied by any context, is sufficient to put the owner of a vessel worth several hundred thousand dollars on notice of a claim that would warrant filing a petition for limitation of liability. Such a finding would "require [ ] a shipowner to initiate limitation proceedings regardless of the amount likely at issue" and without consideration of the value of the vessel. Orion, 918 F.3d at 1331.

For the reasons stated herein, the Court finds that the note did not constitute sufficient notice of a claim, but was merely a vague and cryptic note. Not only do the style and appearance of the note fail to alert a recipient to a potential claim, the substance similarly fails to "make it clear that claimant intends to seek damages from" Vulcan. In re Okeanos, 704 F. Supp. at 416-17. The "whole tenor" of this tentative note served on Vulcan's registered agent does not suggest that it constitutes a notice of claim, but rather, a "cryptic" and vague note designed to mislead. Spooner & Sons, 253 F.2d at 586; McCarthy Bros., 83 F.3d at 829-30. It would be unreasonable to require a vessel owner to take action "when [a] claimant sends an ambiguous" note such as the note at issue in this case. Norfolk Dredging, 357 F. Supp. 2d at 949.

## IV. CONCLUSION

For these reasons, the Court finds that Dervishian did not provide Vulcan with the required notice of a claim under 46 U.S.C. § 30511(a).

Accordingly, the Court **DENIES** Robert W. Dervishian Jr.'s Motion to Dismiss. ECF No. 17.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 7, 2019