IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF VULCAN CONSTRUCTION MATERIALS, LLC, AS OWNER OF THE TUG JEANIE CLAY, | CIVIL NO. 2:18cv668 |

## OPINION AND ORDER

This matter comes before the Court on Claimant and Defendant-in-Limitation Robert W. Dervishian, Jr.'s Motion for Reconsideration of the Court's Denial of his Motion to Dismiss Complaint in Admiralty Due to Lack of Subject Matter Jurisdiction ("Motion for Reconsideration"), ECF No. 35. In such motion, Robert W. Dervishian ("Dervishian" or "Defendant-in-Limitation") requests dismissal of the Complaint in Admiralty ("Limitation of Liability Claim"), ECF No. 1, filed by Vulcan Construction Materials, LLC ("Vulcan" or "Plaintiff-in-Limitation") as well as dissolution of the Court's Order of Publication and Stay, ECF No. 10. ECF No. 35 at 20–21.

Also before the Court are Dervishian's Request for Oral Argument, ECF No. 44, and Dervishian's Motion for Leave to File a Supplemental Memorandum Supporting His Motion for Reconsideration and Incorporated Memorandum ("Motion for Leave to File a Supplemental Memorandum"), ECF No. 45.

1

The issues before the Court have been extensively litigated, and for the reasons set forth below, the Court **DENIES** both of Dervishian's motions, ECF Nos. 35 & 45, in addition to Dervishian's Request for Oral Argument, ECF No. 44.

### I. PROCEDURAL BACKGROUND

On December 17, 2018, Vulcan filed its Complaint in Admiralty, "seeking exoneration from or limitation of liability to the value of the JEANIE CLAY, or $375,000." ECF No. 24 at 5.

On January 22, 2019, Dervishian filed his Answer and Claim, setting forth affirmative defenses and its claim against Vulcan. ECF No. 22.

On the same day, Dervishian filed his Motion to Dismiss and supporting memorandum. ECF Nos. 17, 18. Vulcan filed its Memorandum in Opposition to Motion to Dismiss Limitation Petition on February 5, 2019. ECF No. 24. Dervishian filed his Reply Brief on February 11, 2019. ECF No. 26.

On April 15, 2019, the Court held a hearing on Dervishian's Motion to Dismiss, during which the Court provided Dervishian ample opportunity to present argument in support of its Motion to Dismiss. The Court subsequently entered its Opinion and Order denying Dervishian's Motion to Dismiss. ECF No. 30.

On May 27, 2019, Dervishian filed the instant Motion for Reconsideration, ECF No. 35, to which Vulcan filed its Memorandum in Opposition, ECF No. 42, on June 10, 2019. On June 14, 2019, Dervishian filed his Reply, ECF No. 43. Dervishian proceeded to file his Request for Oral Argument on June 18, 2019. ECF No. 44.

On July 11, 2019, Dervishian filed its Motion for Leave to File a Supplemental Memorandum, ECF No. 45.

These matters are ripe for adjudication. Because the facts and arguments are adequately presented in the briefs and on the record, and because the Court has already provided substantial

opportunity for argument in this matter, the Court's decisional process would not be aided by yet another opportunity for oral argument in this matter.

## II. STANDARD FOR RECONSIDERATION

Dervishian argues that his Motion for Reconsideration is proper under either Rule 59(e) or 54(b) of the Federal Rules of Civil Procedure.

### A. RULE 59(e)

Rule 59(e) "governs requests to alter or amend a 'judgment,' which is defined by Rule 54(a) as 'a decree and any order from which an appeal lies.'" Herndon v. Alutiiq Educ. & Training, LLC, No. 2:16cv72, 2016 U.S. Dist. LEXIS 193725, at *4 (E.D. Va. Aug. 15, 2016) (quoting Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a)). The Fourth Circuit has emphasized that "Rule 59(e) is . . . applicable only to a final judgment." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991).[1]

The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." Lafleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2014 U.S. Dist. LEXIS 198160,

---

[1] Dervishian correctly notes that "[t]ypically, a denial of a Motion to Dismiss would not support a motion to reconsider under Rule 59(e), since the typical Motion to Dismiss does not give rise to a right to interlocutory appeal." ECF No. 35 at 4; see also Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) ("Ordinarily, we do not possess appellate jurisdiction over interlocutory orders – such as the denial of a Rule 12(b)(6) motion to dismiss or the denial of a Rule 12(c) motion for judgment on the pleadings – because such decisions are not final judgments . . . ."). However, Dervishian argues that "because this Court's dismissal of Mr. Dervishian's Motion to Dismiss left in place and continued an injunction (i.e. the Order of Publication and Stay, ECF 10), the Court's ruling provided Mr. Dervishian with a right to interlocutory appeal . . . ." ECF No. 35 at 3. As such, Dervishian argues the "Order denying the Motion to Dismiss . . . is a 'judgment' . . . for purposes of Rule 59(e)." Id. at 4. The Court declines to rule on whether 59(e) is applicable here. Even assuming Dervishian's Motion for Reconsideration is proper under Rule 59(e), the Court finds Dervishian has not satisfied the standard for granting a motion for reconsideration.

3

at *4 (E.D. Va. Mar. 24, 2014) (citing Hutchinson, 994 F.2d at 1082). Finally, a district court's decision on a motion for reconsideration is reviewed "for abuse of discretion[,]" and the Fourth Circuit has noted that granting such a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

### B.  RULE 54(b)

Where a court's order denying a "[m]otion to [d]ismiss does not constitute a 'judgment' or a final order,'" the motion for reconsideration "does not fall within the language of . . . Rule 59(e)." Herndon, 2016 U.S. Dist. LEXIS 193725, at *4. Rule 54(b), however, "expressly provides a district court with discretion to revise interlocutory orders, such as an order denying a motion to dismiss, prior to final judgment." Id. at *4–5. Under Rule 54(b), "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"'[M]otions for reconsideration under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment' under Rules 59(e) and 60(b)." Orbcomm Inc. v. Calamp Corp., 215 F. Supp. 3d 499, 503 (E.D. Va. 2016) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003)). Under Rule 54(b), reconsideration is not limited to "extraordinary circumstances," as is generally required under Rule 59(e). Netscape Communs. Corp. v. Valueclick, Inc., 704 F. Supp. 2d 544, 547 (E.D. Va. 2010). Rather, the goal is simply to "reach the correct judgment under law." Id. (internal quotations omitted).

Nevertheless, the Court is "guided by the[ ] general principals" of Rule 59(e). See Power Paragon, Inc. v. Precision Tech. USA, Inc., No. 2:08cv222, 2008 U.S. Dist. LEXIS 109720, at *2

4

(E.D. Va. Dec. 18, 2008) (applying the following grounds to deny a motion for reconsideration under Rule 54(b): "(1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the prevention of manifest injustice."); see also Evans v. Trinity Indus., 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) ("Absent a significant change in the law or the facts since the original submission to the court, granting a motion for reconsideration is only appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court . . . , or has made an error not of reasoning but of apprehension.") (internal quotations omitted). As with a motion for reconsideration under Rule 59(e), "[m]ere disagreement with a court's application of the law" is insufficient to support a motion for reconsideration under Rule 54(b). Power Paragon, 2008 U.S. Dist. LEXIS 109720, at *3.

### III. DISCUSSION

#### A. INSUFFICIENCY OF THE NOTE AT ISSUE

First, the Court takes this opportunity to reiterate its previous finding that the note at issue was insufficient to provide notice of a claim under 46 U.S.C. § 30511(a). In its Opinion and Order entered on May 7, 2019, after significant briefing and oral argument by the parties, the Court thoroughly addressed the deficiencies in the note at issue. ECF No. 30.

##### i. STYLE AND APPEARANCE OF THE NOTE

First, the Court analyzed the style of the note, finding that it provided little indication of a potential legal claim or the nature of such claim. See ECF No. 30 at 7–8. The note at issue consisted of an 8.5 x 11 sheet of paper with no written material other than the following:

April 19, 2018

## NOTICE OF CLAIM

To: Corporation Service Company
Registered Agent for Vulcan Construction Materials, LLC
100 Shockoe Slip
Richmond, Virginia 23219

    Please be advised that we represent Robert Dervishian, Jr., in connection with serious personal injuries he sustained on February 22, 2018 at the Shirley Plantation Dock due to the alleged negligence of the employee of Vulcan Construction Materials, L.L.C., Kim Todd, while Mr. Todd was operating the Jeanie Clay tugboat. A claim may be filed.

Jeffrey N. Stedman, Esq.<br>
VSB No.: 84496<br>
7130 Glen Forest Drive<br>
Suite 400<br>
Richmond, VA 23226

ECF No. 18 at 2–3; ECF No. 18-1.

    The Court emphasized that the note does not contain letterhead indicating that it was sent from a law firm (or any legitimate enterprise, for that matter). ECF No. 30 at 7. Additionally, while the words "notice of claim" appear at the center, near the top of the page, such heading does not provide sufficient context to warn of the nature of a legal claim. Id. (citing ECF No. 18-1, Ex. A). Similarly, the Court found that the lack of a "re:" line referencing Dervishian, Vulcan, or any potential claim added to the vagueness of the note. Id. Further, although the note states that "we represent . . . Dervishian[ ]," the Court found no indication as to who "we" is, leaving the recipient to guess who was, in fact, representing Dervishian. Id. at 7–8. No law firm was identified, nor do

the words "attorney" or "lawyer" appear on the note. Id. at 8. Other than listing a "VSB No." and including the suffix "Esq." after his name, the Court found no indication that Mr. Stedman is a lawyer, nor any identification of the firm with which he practices. Id. Finally, no contact information is provided other than Mr. Stedman's address. Id. Moreover, the Court highlighted that Dervishian *himself* did not sign the note.[2] Id.

In conclusion, the Court found that these stylistic factors, considered together, "set a tone of ambiguity and vagueness, failing to provide sufficient context that would put a recipient on notice of a potential claim." ECF No. 30 at 7–8.

### ii.     SUBSTANCE OF THE NOTE

The Court proceeded to analyze the substance of the note. ECF No. 30 at 8–11. Critically, the note here was couched in tentative terms: "A claim *may* be filed." Id. at 8 (quoting ECF No. 18-1, Ex. A) (emphasis added). While the note states that "a claim may be filed," it does not specify against whom such claim may be filed. Id. at 9 (quoting ECF No. 18-1, Ex. A). Further, the note "does not recommend that [Vulcan] contact its insurer" or "refer the matter to his 'legal representative,'" nor does it "reference depositions or settlement negotiations." Id. (quoting Norfolk Dredging Co. v. Wiley, 357 F. Supp. 2d 944, 947–48 (E.D. Va. 2005); In re Loyd W. Richardson Constr. Co., 850 F. Supp. 555, 557 (S.D. Tex. 1993)).

Additionally, the Court found that the note provided no quantification whatsoever of a potential claim. ECF No. 30 at 9. Here, the note did not mention the type of injuries sustained or the severity of the injuries, other than stating that they were "serious." Id. at 10 (quoting ECF No.

---

[2] The statute governing sufficiency of notice, 46 U.S.C. § 30511(a), explicitly requires that "a *claimant* give[] the owner written notice of a claim." (emphasis added). Here, not only did Dervishian fail to provide the letter to Vulcan himself, he did not even sign the letter. This Court agrees with the finding of Orion Marine Construction, Inc. v. Carroll, that "[i]n order to trigger § 30511(a)'s six-month filing period, a *claimant* (not someone else) must provide the shipowner or its agent (not someone else) with" notice. 918 F.3d 1323, 1338 (11th Cir. 2019) (emphasis added). Dervishian's failure to sign the letter at issue and provide such letter to Vulcan or its registered agent is therefore fatal to the sufficiency of the letter.

7

18-1, Ex. A). Further, there was no additional information provided to supplement the phrase "serious personal injuries." Id. (quoting ECF No. 18-1, Ex. A). As such, the Court found the note substantively insufficient, given its tentative nature.

The Court concluded that the style and appearance of the note fail to alert a recipient to a potential claim, while the substance similarly fails to "make it clear that claimant intends to seek damages from" Vulcan. ECF No. 30 at 12 (quoting In re Complaint of Okeanos Ocean Research Foundation, Inc., 704 F. Supp. 412, 416–17 (S.D.N.Y. 1989)).

### B. MOTION FOR RECONSIDERATION AND MOTION TO FILE SUPPLEMENTAL BRIEFING

#### i. MOTION FOR RECONSIDERATION

The Court finds it unnecessary to rule on whether the proper procedural avenue for Dervishian's Motion for Reconsideration here is Rule 59(e) or 54(b). Even under the most lenient and flexible standard, Dervishian's Motion for Reconsideration, ECF No. 34, must be denied.

The Court finds that Dervishian's Motion for Reconsideration is merely an attempt to reassert arguments previously before the Court and disagree with the Court's ruling in this matter. The conclusion to Dervishian's Memorandum in Support illustrates this point. ECF No. 35 at 20. Dervishian states that it is his "belief that in considering his Motion to Dismiss, the Court considered factors that are not relevant to the adequacy of the Notice of Claim . . . and failed to adequately consider certain other factors." ECF No. 35 at 20. Such disagreement with the Court's analysis "does not support a motion for reconsideration" under either Rule 59(e) or 54(b). See Herndon v. Alutiiq Educ. & Training, LLC, No. 2:16cv72, 2016 U.S. Dist. LEXIS 193725, at *5 (E.D. Va. Aug. 15, 2016) (internal quotations removed) (discussing reconsideration under 54(b)); Lafleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2014 U.S. Dist. LEXIS 198160, at *4 (E.D. Va. Mar. 24, 2014) (discussing reconsideration under 54(b)); see also Hilb Rogal & Hobbs Co. v.

Rick Strategy Partners, Inc., No. 3:05cv355, 2006 U.S. Dist. LEXIS 96056, at *26 (E.D. Va. 2006) ("Courts will not typically reconsider an ... order where the motion to reconsider simply seeks to present a better and more compelling argument that the party could have presented in the original briefs.") (internal quotations omitted).

Further, the Court finds that Dervishian fails to satisfy any of the limited grounds for granting a motion for reconsideration under Rule 59(e). See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) ("(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.").

### a. Intervening Change in Controlling Law

First, Dervishian does not argue that there is any "intervening change in controlling law," nor is the Court aware of any such change since its Opinion and Order of May 7, 2019, ECF No. 30. Hutchinson, 994 F.2d at 1081.

### b. Evidence Not Previously Available

Second, while Dervishian provides "additional information and documents that were not previously made available to the Court," the Court finds this information insufficient to satisfy reconsideration based on the emergence of "new evidence not available" at the prior hearing. See Hutchinson, 994 F.2d at 1081. The Fourth Circuit has held that "the standard governing relief on the basis of newly discovered evidence" under Rule 59 requires a party to demonstrate:

> **(1) the evidence is newly discovered since the judgment was entered;** (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; **and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.**

9

Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (emphasis added) (internal quotations omitted).

Dervishian fails to establish two of these elements. First, Dervishian's counsel indicates that he was previously provided with two of the documents in question (Vulcan Incident Report, ECF No. 34-1; Written Statement of Captain Todd, ECF No. 34-5) by Vulcan's counsel and that "it was only on May 22, 2019, when Mr. Dervishian's counsel began reviewing these documents for another purpose, that it became apparent that these documents had not been provided to the Court in advance of its consideration of the Motion to Dismiss." ECF No. 35 at 8 n.6.[3] Similarly, Dervishian simply states that the third document (Corporation Service Company's Notice of Service of Process, ECF No. 34-3) "was not previously provided to the Court in advance of its consideration of the motion to dismiss." ECF No. 35 at 17 n.8. The Fourth Circuit has explicitly held that "[e]vidence that is available to a party prior to entry of judgment . . . is not a basis for granting a motion for reconsideration as a matter of law." Boryan, 884 F.2d at 771. As such, Dervishian's new "evidence" is insufficient to justify granting a motion for reconsideration.

Further, upon review of the documents provided, the Court finds that such evidence has no bearing on the sufficiency of the note itself and therefore, would not require amendment of the judgment. Instead, the documents only concern Vulcan's alleged prior knowledge of Dervishian's injuries (Vulcan Incident Report, ECF No. 34-1; Written Statement of Captain Todd, ECF No. 34-5), and a separate, Notice of Service of Process provided to Vulcan by a third-party process server, *not Dervishian himself.* (Corporation Service Company's Notice of Service of Process, ECF No.

---

[3] Vulcan's counsel indicates that "Dervishian had these documents since December 6, 2018, when Vulcan produced them to his counsel in underlying state court discovery responses." ECF No. 42 at 7 n.2 (citing ECF Nos. 42-1, 42-2, 42-3).

34-3). For these reasons, the Court finds no basis for reconsideration based on the emergence of new evidence.

### c. Clear Error of Law or Manifest Injustice

Additionally, the Court finds no basis for "correct[ing] a clear error of law or prevent[ing] manifest injustice." Hutchinson, 994 F.2d at 1081. "In order to justify reconsideration due to clear error, the error cannot be 'just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Kabando v. Prince William Cty. Office of House. & Cmty. Dev., No. 1:15cv1040(JCC/JFA), 2016 U.S. Dist. LEXIS 1980, at *4 (E.D. Va. Jan. 7, 2016) (quoting Fontell v. Hassett, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). Such is not the case here. Rather, the Court finds no error in its prior decision. For the reasons stated in its original Opinion and Order, ECF No. 30, and reiterated herein, the Court finds that the note at issue was insufficient to provide the requisite notice of a claim under 46 U.S.C. § 30511(a). To find otherwise would result in an injustice, requiring the "vessel owner[ ] to post security" or transfer its interest in the vessel to a trustee "at the time of filing a limitation of liability action . . . in response to a vague letter which fails to specifically threaten suit or give some approximation as to the extent of the owner's liability." Norfolk Dredging, 357 F. Supp. at 947–949; see also Okeanos, 704 F. Supp. at 416–17 ("[i]t is not reasonable to require an owner to take this action when claimant sends an ambiguous letter"); Spooner & Sons, Inc., 253 F.2d 584 at 586–87 (2d Cir. 1957) (Hand, J., concurring) (requiring owner to post security or surrender ship when claimant's position is "equivocal" seems unreasonable).

Finally, even under the flexible standard of Rule 54(b), the Court finds no basis for reconsideration. Upon thorough analysis of the extensive briefing before the Court and the applicable law, the Court finds that it has not "patently misunderstood a party," nor has it "made a

11

decision outside the adversarial issues presented to the Court[.]" Evans v. Trinity Indus., 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (internal quotations omitted). Similarly, the Court has not "made an error . . . of apprehension." Id. Contrary to Dervishian's assertions, the Court fully considered all relevant factors in reaching its decision, applying a holistic, fact-intensive approach to determine whether the note at issue is sufficient. In doing so, the Court has already "reach[ed] the correct judgment under law." Netscape Communs. Corp. v. Valueclick, Inc., 704 F. Supp. 2d 544, 547 (E.D. Va. 2010).

For these reasons, the Court denies Dervishian's Motion for Reconsideration, ECF No. 34.

### ii. Motion For Leave to File a Supplemental Memorandum

Dervishian also seeks to supplement his original Motion for Reconsideration with yet another memorandum, filed on July 11, 2019, nearly six months after Dervishian's original Motion to Dismiss, ECF No. 17, and more than a month after its original Motion for Reconsideration, ECF No. 34. ECF No. 45. At some point, litigation must end. Even if the Court allowed the filing of Dervishian's supplemental memorandum, the Court's decision regarding the insufficiency of the note at issue would remain.[4] Because allowing Dervishian to file a supplemental memorandum would be futile, the Court denies Dervishian's Motion for Leave to file a Supplemental Memorandum, ECF No. 45.

### IV. CONCLUSION

For these reasons, the Court **DENIES** Robert W. Dervishian, Jr.'s Motion for Reconsideration, ECF No. 34, in addition to Dervishian's Request for Oral Argument, ECF No.

---

[4] The Proposed Supplemental Memorandum, ECF No. 45-1, apparently relies primarily on new evidence. However, Dervishian fails to demonstrate that he "could not with reasonable diligence have discovered and produced such evidence at the hearing" on the motion to dismiss. Boryan, 884 F.2d at 771 (internal quotations omitted). Of greater importance, the evidence is not such that it "would require the judgment to be amended." Id. (internal quotations omitted). The Court's judgment regarding the insufficiency of the note at issue stands.

12

44.

The Court further **DENIES** Robert W. Dervishian, Jr.'s Motion for Leave to File a Supplemental Memorandum, ECF No. 45.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
July 16, 2019