IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN THE MATTER OF THE COMPLAINT OF
VULCAN CONSTRUCTION MATERIALS,   CIVIL ACTION NO. 2:18cv668
LLC, as owner of the tug JEANIE CLAY,

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff in Limitation Vulcan Construction Materials, LLC's ("Vulcan") Motion to Dismiss Count II of Claimant Robert W. Dervishian, Jr.'s ("Dervishian") Answer and Claim, and supporting memorandum ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 48-49. Dervishian filed a memorandum in opposition, requesting the Court deny Vulcan's Motion to Dismiss. Dervishian also filed a Motion for Leave to File an Amended Answer and Claim ("Motion for Leave to Amend"), ECF No. 53, and a Proposed Amended Answer and Claim, ECF No. 54, attach 1. Vulcan filed a combined Reply memorandum in support of the Motion to Dismiss and Opposition to Dervishian's Motion for Leave to Amend ("Reply"). ECF No. 59. On July 29, 2019, the parties consented to jurisdiction before the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 50. The undersigned makes this ruling without a hearing pursuant to Fed. R. Civ. P. 78(b) and E.D. Va. Local Civ. R. 7(J). As such, these motions are now ripe for disposition.

For the following reasons, Vulcan's Motion to Dismiss, ECF No. 48, is **GRANTED**, and Dervishian's Motion for Leave to Amend, ECF No. 53, is **GRANTED**.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident on February 22, 2018, in which Dervishian alleges injuries caused by the sudden impact of the Tug *Jeanie Clay* ("the Tug") with a barge on which Dervishian was standing, causing him to fall 7'10" from the deck of one barge onto the deck of another barge. ECF No. 16. On December 17, 2018, Vulcan filed a Complaint in this action for limitation of liability as the owner of the Tug. ECF No. 1. On January 22, 2019, Dervishian filed an Answer and Claim. ECF No. 16. In his Answer and Claim Dervishian asserts two causes of action. *Id.* Count I asserts a cause of action for "General Maritime Negligence" and Count II asserts a cause of action for "Unseaworthiness." ECF No. 16 at 9-11.

Vulcan's instant Motion to Dismiss alleges that Count II of Dervishian's Answer and Claim must be dismissed because it asserts a no-fault, strict liability cause of action for unseaworthiness—which can only be alleged by seaman employed by a vessel. ECF No. 49 at 1-2. Because Dervishian is not a seaman, he cannot maintain a cause action for unseaworthiness. *Id.* In response, Dervishian does not dispute he cannot maintain a no-fault strict liability cause of action for unseaworthiness. ECF No. 52 at 1. Rather, Dervishian argues that Count II should not be dismissed because Count II, as it is currently pled, asserts a direct negligence claim against Vulcan. *Id.* at 2. Dervishian requests that if the Court finds Count II does not plead a direct negligence claim, he be permitted to file an Amended Answer and Claim. *Id.* In its Reply memorandum, Vulcan argues that the Court's previous Orders in this action prevent Dervishian the opportunity to amend his Answer and Claim. ECF No. 59 at 4-6.

Accordingly, the issues before the Court are (1) whether Count II must be dismissed because it asserts a no-fault strict liability cause of action for unseaworthiness; and (2) if so,

whether Dervishian can amend his Answer and Claim to assert a direct negligence clam against Vulcan. The Court addresses each of these issues separately.

## II. LEGAL STANDARD

A motion filed under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint.[1] *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). In considering this motion a court must assume that the facts alleged are true. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To be sufficient under Rule 8, a pleading must meet two basic requirements: (1) it must contain sufficient factual allegations and (2) those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Indeed, to achieve factual plausibility, the plaintiff must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

---

[1] Federal Rule of Civil Procedure 12(b) applies to every defense to a "claim for relief." Fed. R. Civ. P. 12(b). In this action based upon a limitation of liability (46 U.S.C. §§ 30501-30512), Dervishian's Answer and Claim includes Dervishian's two causes of action (i.e., claims for relief) against Vulcan, and therefore may be reviewed under Rule 12(b) in the same manner as a typical complaint.

3

Accordingly, "the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). When considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). In other words, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

### III. DISCUSSION

#### A. Count II Must Be Dismissed Because It Pleads a No-Fault, Strict Liability Cause of Action.

The overwhelming majority of cases in this Circuit (and other circuits) associate a cause of action for "unseaworthiness" with a no-fault strict liability cause of action. *Dise v. Express Marine, Inc.*, 476 F. App'x 514, 519-20 (4th Cir. 2011) (noting a claim for unseaworthiness is separate and distinct from a negligence claim, and that seaworthiness is "an absolute duty requiring no knowledge on the part of the shipowner and exists independently of the duty to exercise reasonable care under the Jones Act."); *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 734 (4th Cir. 2000) ("The doctrine of seaworthiness arises by operation of law and states that a ship owner owes the seaman an absolute, non-delegable duty to provide a seaworthy vessel...[l]iability for violation of the doctrine of seaworthiness is without fault.") (citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549-50 (1960); *Harwood v. Partredereit AF 15.5.81*, 944 F.2d 1187, 1189 (4th Cir. 1991) (holding it was prejudicial error to instruct a jury that a non-seaman was owed a warranty

4

of seaworthiness). More specifically, the "warranty of seaworthiness" is key language in recognizing a no-fault strict liability cause of action. For example, the Longshore and Harbor Workers' Compensation Act ("LHWCA") specifically abolished a cause of action based upon the *warranty of seaworthiness* for Longshoremen.[2] 33 U.S.C. § 905(b) (emphasis added); *Howlett v. Birkdale Shipping Co.*, 512 U.S. 92, 97 (1994) (noting that the 1972 amendments to the LHWCA "abolished the longshoreman's pre-existing right to sue a shipowner based upon the *warranty of seaworthiness*.") (emphasis added); *Yoash v. McLean Contracting Co.*, 907 F.2d 1481, 1487 (4th Cir. 1990), *rev'd on other grounds*, 498 U.S. 1117 (1991) ("The *warranty of seaworthiness* imposes a nondelegable duty on a vessel owner or operator to insure that the vessel is fit for voyage.") (emphasis added); *In re Complaint of Falkiner*, 716 F. Supp. 895, 902 (E.D. Va. 1988) ("In order for the plaintiffs to have owed the claimants a warranty of seaworthiness, the claimants must have been within an employee-employer relationship with the plaintiffs and to have been 'seamen.'"). *See also Earles v. Union Barge Line Corp.*, 486 F.2d 1097, 1106 (3d Cir. 1973) (explaining the difference between the warranty of seaworthiness and the duty of care owed by a shipowner in a negligence context).

Count II of Dervishian's Answer and Claim makes multiple assertions indicative of a no-fault, strict liability cause of action for unseaworthiness. Paragraph 24 of the Answer and Claim states that "Vulcan owed Dervishian a duty to furnish a seaworthy vessel..." ECF No. 16 at 11. Paragraph 25, states that "[t]he warranty of seaworthiness includes the provision of a seaworthy crew, and the duty is breached by providing a defective or inadequate crew." *Id.* Paragraph 26 states that "[o]n the date of the incident complained of herein, the tug [] was unseaworthy as that term is defined in maritime law, because Vulcan provided a defective and inadequate crew for the

---

[2] Vulcan has asserted, and Dervishian has not disputed, that Dervishian is a covered worker under the LHWCA. ECF No. 49 at 7.

5

vessel." *Id.* Paragraph 27 states that Captain Todd's lack of experience and the crew's inadequacy created an "unseaworthy condition." *Id.* Paragraph 29 states that "Vulcan failed to provide a seaworthy vessel." Finally, Paragraph 30 states that "[a]s a direct and proximate result of the unseaworthiness of the tug []," Dervishian suffered injuries. *Id.*

Count II in Dervishian's Answer and Claim appears to plead a cause of action for unseaworthiness, and not direct negligence cause of action. While the Court understands that unseaworthiness *can* be used as a descriptive term, it appears that Count II does more than use unseaworthiness as a descriptive term.³ The Court is especially persuaded by the fact that Count II uses the term "*warranty* of seaworthiness" which is a cause of action that workers covered under the LHWCA are expressly prohibited from asserting. Not only does Count II use language indicative of a strict liability cause of action, Count II is also devoid of any language which would suggest it pleads a negligence claim. This is in direct contrast to Count I, which *does* state a negligence claim, and uses the hallmark language of a negligence claim—such as a duty to exercise reasonable cause and a breach of that duty. *See* ECF No. 16 at ¶¶19-20.

Because Dervishian is not a seaman and cannot prevail on a cause of action for unseaworthiness, and Count II, as originally pled, does not state a direct negligence claim against Vulcan, it must be dismissed.

### B. Whether Dervishian Should be Granted Leave to Amend

Having granted Vulcan's Motion to Dismiss Count II, the Court must now consider whether to allow Dervishian to file an amended Answer and Claim. Vulcan argues that this Court

---

³ *See Glover v. Hryniewich*, Civil Action No. 2:17cv109, 2018 U.S. Dist. LEXIS 64920, at *9 (E.D. Va. Apr. 16, 2018). In *Glover*, the Court recognized that "seaworthiness" may be used as a descriptive term, whereby its use would not be barred by statute. *Id.* However, the complaint in *Glover* described the general maritime duty as a "duty of reasonable care to all aboard" and claimed that the owner of the vessel "breached the duty of reasonable care." The complaint in Glover did not use the term "warranty of seaworthiness" and instead clearly used the term "seaworthy" in the context of the condition of the ship. *See Glover v. Hryniewich*, 2:17cv109, ECF No. 1.

6

cannot allow Dervishian to amend is Answer and Claim because this Court's Order of Publication and Stay, ECF No. 10, and Order Granting Vulcan's Motion for Default Judgment ("Order of Default Judgment"), ECF No. 27 forecloses any claims not yet asserted by any party.

### 1. Dervishian's Direct-Negligence Claim Against Vulcan is Not a "New Claim" that Would be Foreclosed by This Court's Prior Orders.

Vulcan argues that the Order of Publication and Stay, ECF No. 10, "directs persons claiming damages related to the relevant voyage of the Vessel to make their claims by January 22, 2019" and "Dervishian provides no reason why the January 22, 2019, deadline in the [O]rder does not bar his present new and/or amended claim." ECF No. 59 at 5. Vulcan also argues that the Order of Default Judgment prevents Dervishian from amending his Answer and Claim. *Id.* That Order states that "[a] Judgment of Exoneration by Default is hereby entered against all parties and claimants having an interest in this matter, other than Kim Todd and Robert W. Dervishian Jr., and for any claims not yet filed by any party." ECF No. 27. According to Vulcan, the language defaulting *any claims not yet filed by any party* forbids Dervishian from amending his Answer and Claim to clarify that Count II is a direct negligence claim.

Vulcan's argument, however, presupposes that Dervishian has not yet asserted a general maritime negligence claim against Vulcan. Vulcan itself has acknowledged, several times throughout the course of this litigation, that Dervishian has asserted a direct negligence claim against Vulcan. First, in Vulcan's Request for Entry of Default, ECF No. 20, Vulcan acknowledges that "Dervishian makes a claim...*due to the general maritime negligence of Vulcan* [] and the unseaworthiness of the tug JEANIE CLAY." ECF No. 20 (emphasis added). This language was ultimately adopted by the Court in the Clerk's Entry of Default. ECF No. 22. Additionally, in Vulcan's Reply Brief, ECF No. 59, Vulcan acknowledges that Count I of the Answer and Claim, asserts a cause of action for "Vulcan's *direct acts*" and the Amended Count II

7

"simply fleshes out Dervishian's general maritime negligence action against Vulcan." ECF No. 59 at 4. Moreover, Dervishian's answers to Vulcan's interrogatories submitted May 23, 2019 well before the Motion to Dismiss, set forth details about Dervishian's direct negligence claim against Vulcan. *See* ECF No. 52, attach. 2, at 6-8. Based on the language acknowledged and proposed by Vulcan itself, Dervishian has asserted a direct negligence claim against Vulcan. Dervishian's wish to Amend his Answer and Claim to separate out his claims against Vulcan under vicarious liability and direct negligence theories does not constitute an assertion of a "new" claim. *See* ECF No. 54, attach. 1 at 9-13.[4]

Consequently, based on representations made by Vulcan itself, the Court finds that Vulcan's amended Count II does not constitute a "new" claim which is foreclosed by the Order of Publication and Stay or the Order of Default Judgment.

### 2. Dervishian Should be Granted Leave to Amend.

Because the Order of Publication and Stay and the Order of Default Judgment do not prevent Dervishian from amending his Answer and Claim, the Court must determine whether Dervishian should be permitted leave to amend. Under Federal Rule of Civil Procedure 15, when amendment as a matter of course is not available and the opposing party does not consent, a party may amend a pleading only with the court's leave, which should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *CertusView*

---

[4] Even if the Court were to find that the proposed amendments were "new" claims foreclosed by the Order of Publication and Stay and the Order of Default Judgment, the Court has the power to extend the period in which to file claims to allow late claims. Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims states "[f]or cause shown, the court may enlarge the time with which claims may be filed." Fed. R. Civ. P., Supplemental Rule F(4). "[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims...upon a showing of reasons therefore." *Columbia Leasing v. Mullen*, 981 F. Supp. 2d 490, 495 (E.D. Va. 2013) (vacating entry of default to allow claimant to file a late claim where no party would be prejudiced by permitting an extension and claimant provided "an explanation" for their late filing).

*Techs., LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 506 (E.D. Va. 2015) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). Accordingly, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426. Absent a showing of prejudice, bad faith, or futility, "the fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial [of a motion to amend]." *Dozier v. Parker*, No. 3:09-CV-19, 2009 U.S. Dist. LEXIS 36144, at *9 (E.D. Va. Apr. 27, 2009) (citing *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).

Vulcan argues that Dervishian's Motion for Leave to Amend should be denied because the proposed amendments "are encompassed by Dervishian's surviving Count I negligence [claim] against Vulcan" and "the proposed Count II merely states additional facts that would, if proven, support Dervishian's surviving negligence claim against Vulcan." ECF No. 59 at 6-7. However, Vulcan's argument is not persuasive because courts have expressly recognized that "an amendment...[which] merely adds an additional theory of recovery to the facts already pled" is not a proper basis to deny leave to amend. *Laber*, 438 F.3d at 427. Nor does the fact that Count I may encompass, according to Vulcan, the proposed amended Count II make the amendment futile. *See Dozier v. Parker*, No. 3:09-CV-19, 2009 U.S. Dist. LEXIS 36144, at *9 (E.D. Va. Apr. 27, 2009) (noting that an amendment is only futile if it would not survive a motion to dismiss for failure to state a claim). The Court is unable to find any evidence of bad faith or dilatoriness by Dervishian, and Vulcan has not asserted any specific manner in which it would be prejudiced by any amendment, as it has (by its own admission) been on notice of Dervishian's claim for direct negligence. *See supra* Part III.B.1.

## IV. CONCLUSION

As a result of the foregoing, Vulcan's Motion to Dismiss, ECF No. 48, is **GRANTED**, and Dervishian's Motion for Leave to Amend, ECF No. 53, is **GRANTED**. Dervishian's Amended Answer and Claim, ECF No. 54, attach. 1, is **DEEMED** filed as of the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 14, 2019